IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DESTNEY WILLIAMS,

                Plaintiff,

vs.                                                  Case No. 22-3058-SAC

HARTPENCE DALTON, MEGHAN
DAVIS, ERICA MARSHAL, HOLLY
CHAVEZ, DONA HOOK, and
GLORIA GEITHER,

                Defendants.

MEMORANDUM AND ORDER

The plaintiff Destney Williams ("Williams"), a resident at Topeka Correctional Facility ("TCF"), filed a 42 U.S.C. § 1983 complaint (ECF# 1) which this court screened in its order of April 21, 2022, (ECF# 7). The court's order, in part, denied the plaintiff's motion for appointment of counsel and gave the plaintiff until May 13, 2022, in which to show good cause in writing why her complaint should not be dismissed and/or to file a complete and proper amended complaint curing all discussed deficiencies. ECF# 7. The court's order also cautioned the plaintiff that her failure to file a good-cause response and/or amended complaint by May 13th would result in the court's decision based upon her current deficient complaint and dismissal without further notice. *Id*. at pp. 22-23.

The deadline of May 13th has passed without Williams filing either a response showing good cause or a proper amended complaint. On May 4, 2022, Williams filed two supplements to her original complaint. ECF## 11 and 12. Each included only copies of grievances she had filed and of the responses made by TCF

1

officials. The court addressed these filings in its order of May 5, 2022, summarizing the subject of her grievances. ECF# 13. The court noted that Williams had included nothing explaining her reasons for submitting these grievance proceedings or their evidentiary purpose to her action. The court concluded that these supplements did "not qualify as either proper good-cause responses and/or amended complaints" and would "not be considered for that purpose." *Id.* at p. 3. Williams has not filed anything after the court's May 5th order.

Therefore, consistent with the warning in its prior order, the court adopts its findings and conclusions set out in its prior order as the reasons for now ruling that the plaintiff's complaint fails to state a claim for relief and shall be dismissed with prejudice. Because an inmate does not have a constitutional right to employment or a protected interest in prison employment, the plaintiff cannot state a due process claim under the Fourteenth Amendment claim for relief. The plaintiff's conclusory allegations of racial discrimination fail to state a race-based equal protection claim under the Fourteenth Amendment. The plaintiff has not alleged any additional facts in support of her claims. As for her Eighth Amendment claims stemming from her transfers, she has not alleged any wrongdoing that is objectively harmful enough to establish a constitutional violation, as in being subjected to a substantial risk of serious harm. The plaintiff's First Amendment retaliation claims for filing grievances are utterly lacking in factual detail. Many of her alleged injuries are not serious enough to discourage a person from exercising her rights to file a grievance. More importantly, her complaint fails to identify which defendants were

2

responsible for or participated in the alleged adverse actions and fails to show how they could have been substantially motivated because of her grievances.

IT IS THEREFORE ORDERED that the plaintiff's complaint (ECF# 1) is dismissed with prejudice for failure to state a claim for relief for the reasons stated in the court's screening order (ECF# 7) and reiterated here.

Dated this 18th day of May, 2022, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge